IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 3:18-cr-29-DCB-LRA

STEFAN BROWN                                              DEFENDANT

ORDER

This matter is before the Court on Defendant Stefan Brown ("Brown")'s Motion for Compassionate Release. [ECF No. 35]. The Government opposes the motion. Having read the motion, memorandum in support, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

Background

In 2017, Brown entered an International House of Pancakes ("IHOP") with a mask over his face, pointed a gun at the person working the register, and demanded money. Pre. Inv. Report, ECF No. 30 at 4. The register was empty, but the night-shift manager had $631 dollars on his person and gave it to Brown. Id. Brown left but returned a few minutes later and demanded that everyone get down on the ground. Id. Later that night, Brown stole a Ford F-150 at gunpoint. Id. at 4-5. On February 21, 2018, a Grand Jury indicted Brown on one count of 18 U.S.C. § 1951(a), Hobbs

1

Act Robbery, and one count of 18 U.S.C. § 924(c)(1), Brandishing a Firearm in Relation to a Crime of Violence.

On December 26, 2019, Brown pleaded guilty to both counts in the indictment. He was sentenced to twenty-four months imprisonment as to Count 1 and eighty-four months imprisonment as to Count 2, to run concurrently with the sentence assessed in Count 1. Brown's release date is October 5, 2025. Defendant is serving his sentence in the Talladega Federal Correction Facility in Alabama.

Brown now moves for compassionate release because of the COVID-19 pandemic. While the Court is sympathetic to the concerns associated with imprisonment and COVID-19, it is clear that Defendant Brown is not eligible for compassionate release.

<u>Discussion</u>

As amended by the First Step Act, 18 U.S.C. § 3582 authorizes sentencing courts to reduce a term of imprisonment if, after considering the applicable factors set forth in section 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13 and Commentary

2

instructs, in relevant part, that a court may reduce a term of imprisonment if the court determines that:

1) "[e]xtraordinary and compelling reasons warrant the reduction;"

2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and

3) "[t]he reduction is consistent with this policy statement."

U.S.S.G. § 1B1.13

Before filing a compassionate release motion in federal court, a prisoner must exhaust his or her administrative remedies in one of two ways:

(1)   Prisoner may file a motion with the court after fully exhausting all administrative rights to appeal the Bureau of Prison's decision not to file a motion for compassionate release, or

(2)   Prisoner may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility..."

18 U.S.C. § 3582(c)(1)(A). The statute does not provide an exception to this mandatory statutory exhaustion requirement, equitable or otherwise. See United States v. Koons, No. CR 16-214-05, 2020 WL 1940570, at *3 (W.D. La. Apr. 21, 2020).

In this case, Brown has not filed a request for compassionate release with the warden of the Talladega Federal Correction Facility. Therefore, he has not exhausted his administrative remedies, nor has the 30-day waiting period been triggered inasmuch as Brown has not made a request with the Bureau of Prisons ("BOP").

Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Brown's failure to exhaust his administrative remedies or to waive the 30-day waiting period.

Accordingly, the Court does not have the authority at this time to grant the requested relief. United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic and the heightened risk at the Oakdale facilities, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."); United States v. Clark, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) ("The Defendant concedes that he has failed to comply with the exhaustion requirements under the statute; therefore, this motion is not ripe for review."); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("As noted, Raia failed to comply with § 3582(c)(1)(A)'s

4

exhaustion requirement: ... Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."); United States v. Wicker, No. 18-108, 2020 WL 2066728, at *2 (M.D. La. Apr. 29, 2020)("Consequently, because Petitioner has failed to exhaust his administrative remedies, this Court must apply the mandatory exhaustion requirement described above and deny Petitioner's motion for lack of jurisdiction."). Alternatively, the Court finds that Brown has failed to set forth extraordinary and compelling reasons to modify his sentence for the reasons below.

While Brown argues that COVID-19 creates an extraordinary and compelling circumstance that would justify his release from prison, the defendant does not allege that he is within the category of individuals who are at high risk for serious illness or death resulting from COVID-19. A generalized fear of contracting COVID-19 does not justify compassionate release. See United States v. Williams, No. 3:19-00239-01, 2020 WL 3037075, at * (W.D. La. Jun. 5, 2020); United States v. Veras, No. 3:19-cr-010, 2020 WL 1675975, at * 6 (M.D. Pa. Apr. 6, 2020); United States v. Clark, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020). Brown is twenty-two years old and has not presented the Court with any medical conditions that would warrant compassionate relief.

In addition to his generalized fears of contracting COVID-19, Brown asserts that he should be permitted to serve the remainder of his sentence on home confinement so that he can take care of his mother who has "High Blood Suger (sic)" and is taking care of his brother, who Brown claims is "really sick too." [ECF No. 35] at 1.

The Sentencing Commission has provided four narrow categories of extraordinary and compelling grounds that would warrant compassionate release:

(A) **Medical Condition of the Defendant.**

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant. –** The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process;

6

and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons. –** As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, Application Note 1.

The Court finds that Brown has failed to present evidence of extraordinary and compelling reasons to modify his prison sentence. He does not meet any of the criteria as set forth by the statute. The family circumstances that warrant compassionate release are limited to: (1) the "death or incapacitation of the caregiver of the defendant's minor child or minor children" and (2) the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver."

Several cases throughout the country have found that the need to care for elderly parents is not an "extraordinary" circumstance under the First Step Act. See United States v. Crandle, Crim. No. 10-35-SDD-RLB, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020). United States v. Ingram, No. 2:14-cr-40, 2019

WL 3162305 (S.D. Ohio July 16, 2019)("[w]hile the Court sympathizes with the [inmate's] family's difficult situation and understands that [the inmate's mother's] medical conditions are no doubt serious, family circumstances that constitute 'extraordinary and compelling reasons' simply do not include [the inmate's] mother. Many, if not all inmates, have aging and sick parents."). See also United States v. Hunter, No. 3:06-cr-61, 2020 WL 127711 at *3 (S.D. Ohio Jan. 10, 2020) ("While the Court empathizes with Hunter's (and his sister's) difficult position, and understands that his mother's medical condition is no doubt serious, family circumstances that constitute 'extraordinary and compelling reasons' do not include those presented."); but see United States v. Bucci, 409 F.Supp.3d 1, *2 (D. Mass. 2019) ("Mr. Bucci's role as the only potential caregiver for his ailing mother is an 'extraordinary and compelling reason' for compassionate release."); United States v. Walker, No. 1:11 CR 270, 2019 WL 5268752 (N.D. Ohio Oct. 17, 2019) (compassionate release justified by inmate's "desire to aid his terminally ill mother, both emotionally and financially," among other factors).

Even if the policy statement could stretch to include a defendant's elderly parent, there is no indication that Brown is the only potential caregiver for his mother. Additionally, there is no evidence that Brown's mother actually requires care. Brown

has submitted no medical records and no letters or affidavits from family members regarding his mother's condition and the type of care that she may need. The only information before the Court is that she has "High Blood Suger (sic)" and that she is currently taking care of her son, the defendant's brother. There is no claim that the defendant's mother is suffering from a terminal illness or is unable to care for herself.

Even if the defendant could establish extraordinary and compelling reasons, the Court would not grant his motion for compassionate release because Brown failed to demonstrate that he would not pose a danger to the safety of any other person or to the community. Brown pleaded guilty to two violent offenses less than six months ago. While Brown asserts that he has no disciplinary infractions for violent behavior, it does not assuage the Court's concerns. After considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the defendant's motion for compassionate release must be denied so as to adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion for Compassionate Release [ECF No. 35] is DENIED.

SO ORDERED this the 23rd day of June, 2020.

__/s/ David Bramlette_____

UNITED STATES DISTRICT JUDGE